# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SUNDAHL,<br><br>                      Plaintiff,<br><br>v.<br><br>COMERICA BANK; CONDUENT STATE AND LOCAL SOLUTIONS, INC. d/b/a DIRECT EXPRESS and DOES 1 through 10, inclusive,<br><br>                      Defendants. | Case No.: 3:25-cv-01473-RBM-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>**[Doc. 2]** |

     Pending before the Court is Defendants Comerica Bank and Conduent State & Local Solutions, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD"). (Doc. 2.) Plaintiff Mark Sundahl ("Plaintiff") filed an Opposition to Defendants' Motion to Dismiss Complaint ("Opposition") (Doc. 4) and Defendants filed a Reply in Support of the Motion to Dismiss ("Reply") (Doc. 7).

     The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the MTD (Doc. 2) is **GRANTED**.

## I.   BACKGROUND[1]

Plaintiff maintained a bank account with Defendants for his Social Security deposits. (Doc. 1-2, Ex. A ["Complaint"] ¶ 7.)[2] "In or around November 2024, a series of fraudulent transactions were made on Plaintiff's account totaling approximately $6,815." (*Id*. ¶ 8.) "Plaintiff immediately disputed the loss of the funds with Defendants." (*Id*. ¶ 11.) Although Defendants initially stated they would reimburse Plaintiff, they have yet to do so and "continue to refuse to refund Plaintiff his funds." (*Id*. ¶¶ 12, 15.) Plaintiff claims that "Defendants did not perform a reasonable investigation into Plaintiff's complaint regarding the fraudulent transactions." (*Id*. ¶ 14.)

On May 6, 2025, Plaintiff initiated this action by filing the Complaint in the Superior Court of the State of California for the County of San Diego ("San Diego Superior Court") asserting two causes of action for: (1) financial elder abuse under California's Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15600 *et seq*. ("Elder Abuse Act); and (2) violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"). (Doc. 1-2 ¶¶ 17–31.) Defendants removed the Complaint to this Court on June 9, 2025 (*see* Doc. 1) and filed the instant MTD on June 16, 2025 (*see* Doc. 2). On July 18, 2025, Plaintiff filed the Opposition. (Doc. 4.) Defendants filed their Reply on July 28, 2025. (Doc. 7.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

---

[1] The factual summary in this section reflects Plaintiff's allegations, not conclusions of fact or law by this Court. Well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for other citations unless otherwise noted.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556–57). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### III.   DISCUSSION

**A.   Financial Elder Abuse (First Cause of Action)**

Plaintiff alleges that Defendants violated the Elder Abuse Act by "taking, secreting, appropriating, obtaining, or retaining personal property of an elder, or assisting in those activities for a wrongful use or with intent to defraud, or both." (Doc. 1-2 ¶ 18.) Defendants argue that the financial elder abuse claim fails because Plaintiff does not sufficiently allege that Defendants had actual knowledge of or were involved in the alleged fraud. (Doc. 2-1 at 8–11.)

The Elder Abuse Act defines an "elder" as a person, residing in California, 65 years

of age or older. Cal. Welf. & Inst. Code § 15610.27.[3] As relevant here, financial abuse of an elder occurs when a person or entity:

> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both.
>
> (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both.

§ 15610.30(a)(1)–(2). An entity engages in such conduct for "wrongful use" when it "knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." § 15610.30(b); *see Bortz v. JPMorgan Chase Bank, N.A.*, Case No.: 21-CV-618 TWR (DEB), 2022 WL 1489832, at *3 (S.D. Cal. May 10, 2022), *aff'd sub nom. Bortz v. JP Morgan Chase Bank, N.A.*, No. 22-55582, 2023 WL 4700640 (9th Cir. July 24, 2023) ("Under [§ 15610.30(b)], wrongful conduct occurs only when the defendant actually knows that it is engaging in a harmful breach, or reasonably should be aware of the harmful breach.") (quoting *Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 658 (2016)) (cleaned up).

Under § 15610.30(a)(2), "liability may be imposed for 'assisting' in financial elder abuse under an aiding and abetting standard." *Bortz v. JPMorgan Chase Bank, N.A.*, Case No.: 21-CV-618 TWR (JLB), 2021 WL 4819575, at *3 (S.D. Cal. Oct. 15, 2021) (citing *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 744–45 (2010)). "This requires the plaintiff to plead that the defendant 'knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act.'" *Id.* (quoting *Das*, 186 Cal. App. 4th at 744). "To be liable for elder abuse, there must be actual knowledge, not constructive knowledge." *Alexander v. Wells Fargo Bank, N.A.*, Case No.: 23-cv-617-DMS-BLM, 2023 WL 8358550, at *4 (S.D. Cal. Dec. 1, 2023) (citing *Bortz*, 2022 WL 1489832, at *5).

---

[3] The Parties do not dispute that Plaintiff was at least 65 years of age at the time of the events in question. (*See* Doc. 1-2 ¶ 9.)

4

      To the extent Plaintiff asserts violations of § 15610.30(a)(1), the Court finds that his financial elder abuse claim is insufficiently pled. Plaintiff alleges that "Defendants initiated fund transfers" (Doc. 1-2 ¶ 25) but provides no facts to support that Defendants "knew or should have known that this conduct is likely to be harmful" to Plaintiff. *See* Cal. Welf. & Inst. Code § 15610.30(b). The Complaint contains no factual allegations about the transactions at issue, such as the reasons why Plaintiff believes such transactions were unauthorized (*see also infra* Sec.III.B.1), to raise a plausible inference that Defendants initiated the fund transfers for "wrongful use." *See Miller v. Bank of Am., N.A.*, Case No. 1:21-CV-00337-JLT, 2022 WL 3704093, at *5 (E.D. Cal. Aug. 26, 2022) (dismissing financial elder abuse claim for a "direct taking" under § 15610.30(a)(1) where the bank "merely processed" transactions). Plaintiff therefore fails to state a financial elder abuse claim based on a "direct taking" under § 15610.30(a)(1).

      For the same reasons, Plaintiff fails to state a claim for assisting in financial elder abuse under § 15610.30(a)(2). "[W]hen . . . a bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' the financial abuse only if it knew of the third party's wrongful conduct." *Das*, 186 Cal. App. 4th at 745. Based on the Complaint, Defendants only knew about the alleged fraud when Plaintiff disputed the loss of the funds. (Doc. 1-2 ¶ 11.) However, as previously noted, the Complaint does not provide any facts about the allegedly fraudulent transactions. Plaintiff does not suggest that a third party was involved, let alone that Defendants knew of a third party's wrongful conduct. As Plaintiff does not sufficiently plead that Defendant had actual knowledge of, or provided assistance or encouragement in, the alleged fraud, he fails to state a claim for assistance in financial elder abuse. *See Das*, 186 Cal. App. 4th at 744; *see, e.g.*, *Gray v. JPMorgan Chase Bank, N.A.*, 661 F. Supp. 3d 991, 999 (C.D. Cal. 2023), *aff'd*, No. 23-55318, 2024 WL 1342619 (9th Cir. Mar. 29, 2024) (dismissing financial elder abuse claim where the plaintiffs did "not plead facts establishing that [the bank] had actual knowledge of or intentionally assisted in carrying out the fraudulent scheme."); *Miller*, 2022 WL 3704093, at *5 (dismissing claim for assisting an impermissible direct taking

under § 15610.27(a)(2) where the plaintiff had not "pled facts alleging [the bank's] direct knowledge of the scam.").

Defendants' MTD is therefore **<u>GRANTED</u>** as to the First Cause of Action.

## B.    EFTA Claim (Second Cause of Action)

Plaintiff claims that Defendants violated the EFTA by failing to comply with its error resolution procedures in response to the allegedly unauthorized transactions made from his account. (*See* Doc. 1-2 ¶¶ 27–29, 31.)

The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). Under the EFTA's error resolution procedures, when a consumer notifies a financial institution of an error, the institution must "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." § 1693f(a). "The EFTA mandates specific steps the financial institution must take depending on the results of its investigation, as well as the time frames in which the steps must be taken." *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 674 F. Supp. 3d 884, 906 (S.D. Cal. 2023), *on reconsideration in part*, No. 21MD2992-GPC(MSB), 2024 WL 3174380 (S.D. Cal. June 25, 2024) (citing 15 U.S.C. § 1693f(b)–(d)). However, "a financial institution is only required to act if the consumer meets certain notice requirements." *Id.*; *see* 15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(b).

Defendants argue the EFTA claim fails because Plaintiff does not sufficiently allege that he provided the requisite notice to trigger Defendants' obligations under the EFTA. (Doc. 2-1 at 12–14.) Defendants also argue that Plaintiff does not provide any facts to support that Defendants' investigation was deficient and in violation of the EFTA. (*Id.* at 12, 14–16.) The Court addresses each argument in turn.

### 1.    Sufficient Notice

Defendants argue that Plaintiff fails to assert a claim under the EFTA because he "*does not allege* that he reported to Defendants that the transfers were fraudulent, that

Plaintiff described the nature of the transactions, or that Plaintiff did not participate in the transfers." (Doc. 2-1 at 13 (emphasis in original).)  The Court agrees.

Under the EFTA, a consumer must notify a financial institution of an error "within sixty days after" the institution transmits documentation reflecting such error.  15 U.S.C. § 1693f(a).  To trigger a financial institution's obligations under the EFTA, a consumer's notice must identify a qualifying error.  *See* § 1693f(f); 12 C.F.R. § 1005.11(b).  As relevant here, a qualifying error includes "an unauthorized electronic fund transfer" and "an incorrect electronic fund transfer" from or to the consumer's account.  15 U.S.C. § 1693f(f)(1), (2); 12 C.F.R. § 1005.11(a)(1)(i), (ii).  The notice must also:

> (1) set[ ] forth or otherwise enable[ ] the financial institution to identify the name and account number of the consumer;
>
> (2) indicate[ ] the consumer's belief that the documentation, or, . . . , the consumer's account, contains an error and the amount of such error; and
>
> (3) set [ ] forth the reasons for the consumer's belief (where applicable) that an error has occurred . . .

15 U.S.C. § 1693f(a)(1)–(3).

In this case, the Complaint does not contain any non-conclusory allegations about Plaintiff's notice to Defendants to establish that the EFTA's notice requirements were met.  The only allegation concerning Plaintiff's notice to Defendants merely indicates that he "immediately disputed the loss of the funds with Defendants." (Doc. 1-2 ¶ 11.)  Plaintiff does not state whether the dispute was written or verbal or provide any other information concerning his dispute.

While an "unauthorized electronic transfer" constitutes a qualifying error under the EFTA, *see* 15 U.S.C. § 1693f(f)(1), Plaintiff's sole allegation that he disputed the "loss of funds" does not support an inference that he reported an "unauthorized electronic transfer" to Defendants.  *See* § 1693a(12) (defining an "unauthorized electronic transfer" as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer

receives no benefit."); *see, e.g.*, *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 674 F. Supp. 3d at 908 ("To trigger a financial institution's obligations under the EFTA, consumers must identify a qualifying error—general allegations of fraud aren't sufficient."); *Ghalchi v. U.S. Bank*, N.A., Case No. CV 14-6619 PSG (CWx), 2015 WL 12655402, at *8 (C.D. Cal. Jan. 8, 2015) (dismissing an EFTA claim where the plaintiff "only indicate[d] that she 'notified' [the defendant] of 'unauthorized withdrawals' from her Checking Account" but not "that she informed [the defendant] of the type of error that triggers [its] duties under the EFTA").

Plaintiff also does not identify the documentation which first reflected the allegedly fraudulent transactions, *see* 15 U.S.C. § 1693f(a)(2), or otherwise explain how he discovered such fraud. *Cf. In re Bank of Am. Cal. Unemployment Benefits Litig.*, 674 F. Supp. 3d at 909 (finding a plaintiff alleged a claim under the EFTA claim where he "received a text alert following 'fraud'"). As Plaintiff does not assert any facts about when Defendants sent such documentation, he also fails to plausibly allege that he provided timely notice. *See* 15 U.S.C. § 1693f(a) (requiring consumers to report any alleged error to a financial institution "no later than 60 days after the institution sends the [written documentation] on which the alleged error is first reflected"); *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 674 F. Supp. 3d at 906 ("A complaint that doesn't allege that a consumer provided timely notice doesn't state a claim under the EFTA.").

Accordingly, Plaintiff fails to plausibly state that he provided Defendants with notice as required to trigger their obligations under the EFTA.

### 2. EFTA Violations

Plaintiff alleges that Defendants violated § 1693f by failing to provisionally credit his "account or make a good faith investigation into" the disputed transactions and are liable for treble damages, as allowed under § 1693f(e), because they "knowingly and/or willfully concluded Plaintiff was responsible for the disputed transactions." (Doc. 1-2 ¶¶ 28, 31.) Plaintiff also alleges that Defendants wrongfully held him liable for the full amount of such transactions ($6,815) which exceeds the EFTA's default liability cap under

§ 1693g. (*Id.* ¶ 29.) Defendants argue that the EFTA claim fails as a matter of law because Plaintiff alleges no facts to support that Defendants performed a legally deficient investigation in violation the EFTA. (Doc. 2-1 at 14–16.)

Section 1693f requires that a financial institution investigate any qualifying error reported by the consumer within ten business days of receiving notice of such error. 15 U.S.C. § 1693f(a). Alternatively, the institution may provisionally recredit the consumer's account for the alleged error pending the conclusion of its investigation as long as the investigation is concluded within 45 days of receiving notice of the alleged error. § 1693f(c). Section 1693f requires that any investigation under the EFTA "include a reasonable review of the financial institution's own records." *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 674 F. Supp. 3d at 912 (quoting *Green v. Cap. One, N.A.*, 557 F. Supp. 3d 441, 450 (S.D.N.Y. 2021)). This provision also allows for treble damages in two limited situations. *See* 15 U.S.C. § 1693f(e)(1)–(2).

"If the financial institution determines that an error did occur, it shall promptly, . . . correct the error, subject to" § 1693g. 15 U.S.C. § 1693f(b). Section 1693g(a) limits a consumer's liability for unauthorized transfers to $50. When "a bank concludes that the EFTA authorizes liability in excess of the default cap, the consumer must allege facts plausibly suggesting that the bank's conclusion is wrong in order to state a claim that the bank has violated § 1693g." *Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579, 584 (9th Cir. 2021) (citing 15 U.S.C. § 1693m(a)).

In the Complaint, Plaintiff alleges that Defendants did not reimburse him (Doc. 1-2 ¶ 12) but does not describe the dispute that he raised with Defendants, the results of Defendants' investigation, or any of Defendants' responses. Plaintiff does not assert any facts about the sufficiency of Defendants' investigation or their determination as to whether an error had occurred. Instead, the Complaint simply asserts a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. As Plaintiff's factual allegations do not support a plausible inference that Defendants' investigation was unreasonable or performed in bad faith, Plaintiff fails to

state a claim for relief under § 1693f. *See Chen v. Bank of Am., N.A.*, Case No. CV 19-6941-MWF-SK, 2019 WL 9633650, at *8 (C.D. Cal. Oct. 29, 2019) ("'Plaintiff has not alleged facts establishing a plausible claim' because 'he does not allege *details* establishing any bad faith on [Defendants'] part.'") (quoting *Mountcastle v. SunTrust Bank*, Civil Action No. MJG–12–0885, 2013 WL 588981, at *4 (D. Md. Feb. 12, 2013)) (emphasis in original); *Cf. In re Bank of Am. Cal. Unemployment Benefits Litig.*, 674 F.Supp.3d at 912 (denying motion to dismiss an EFTA claim where the allegations "support[ed] the inference [that the bank] didn't conduct a reasonable review, including by not reviewing its own records").

Plaintiff also fails to plausibly state violations of § 1693f(b) and § 1693g for the same reason—he fails to plead any facts about Defendants' determination from which the Court may infer that their obligations to correct the alleged error under § 1693f(b) were triggered or that their determination was wrong. *See Tian v. Bank of Am., N.A.*, Case No. 2:24-cv-09877-MCS-PD, 2025 WL 1377767, at *4 (C.D. Cal. Apr. 2, 2025) ("The Complaint does not clearly state whether Defendant[s] did or did not determine an error occurred—and because of this deficiency, it does not clearly state a claim for relief under § 1693f(b)."); *Widjaja*, 21 F.4th at 584 ("[T]he consumer must allege facts plausibly suggesting that the bank's conclusion is wrong in order to state a claim that the bank has violated § 1693g.").[4]

Accordingly, Defendants' MTD is **GRANTED** as to Second Cause of Action.

**C.     Leave to Amend**

Generally, "a district court should grant leave to amend even if no request to amend

---

[4] Plaintiff does not indicate the timing of Defendants' resulting investigation and similarly fails to state an entitlement to provisional credit under § 1693f(c). *See* 15 U.S.C. § 1693f(c) (allowing an institution to "provisionally recredit the consumer's account for the amount alleged to be in error . . . pending the conclusion of its investigation" as an alternative to the requirements that the investigation be concluded within 10 days under § 1693f(a) and that the error be corrected within one day under § 1693f(b)).

the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). When assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (cleaned up).

The Court finds that this case does not involve a "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As it is not obvious that pleading additional facts would not cure the deficiencies in the Complaint, the Court **GRANTS** Plaintiff leave to amend.

### IV.    CONCLUSION

Based on the foregoing reasons, Defendants' MTD (Doc. 2) is **GRANTED**. The Complaint is therefore **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint on or before **February 9, 2026**.

**IT IS SO ORDERED**.

DATE: January 15, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE